IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-00729-CMA-MEH

RONALD NAGIM,

    Plaintiff,

v.

JOSEPH E. ABRAHAM, JR., and
SANDRA H. ABRAHAM,

    Defendants.

## ORDER OF REMAND

This matter is before the Court *sua sponte*. For the following reasons, the Court concludes that Defendants have not established subject matter jurisdiction. As such, the Court REMANDS this case to the District Court, Arapahoe County, Colorado, for further proceedings.

Plaintiff filed a Complaint in Colorado State court on February 23, 2011. (Doc. # 1-1.) Defendants filed a Notice of Removal on March 23, 2011. (Doc. # 1.) Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction.

Section 1332(a) sets forth two requirements for diversity jurisdiction. Those requirements are: (1) an "amount in controversy [that] exceeds the sum or value of

$75,000 exclusive of interest and costs" and (2) diversity of citizenship between the parties.  28 U.S.C. § 1332(a).

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  A removing defendant must prove jurisdictional facts by a "preponderance of the evidence" that the amount in controversy may exceed $75,000.  *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Such proof may arise in a variety of ways, *see id*. at 954, but conclusory assertions or outright speculation do not suffice.  *Tafoya v. American Family Mut. Ins. Co.*, No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).

In this case, Plaintiff seeks $25,000 plus punitive damages.  (Doc. # 1-1 at 8.)  Although Defendants assert that the amount exceeds $75,000, they point to no underlying facts to support this assertion.  Given that Plaintiff only claims $25,000 in damages, the punitive damages would need to exceed $50,000 to satisfy the amount in controversy requirement.  A district court may consider potential punitive damages in determining whether the jurisdictional amount has been met.  *See, e.g.*, *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (the trial court may include amounts claimed for punitive damages to determine whether the jurisdictional amount is met for diversity jurisdiction).  However, in this case, the Court has absolutely no basis for determining the amount of potential punitive damages.  Defendants have provided no objective evidence, or factual or economic analysis, showing that the amount in

controversy exceeds $75,000.  *See Buckman v. United Am. Ins. Co.*, No. 07-CV-616, 2007 WL 3231715, at *2 (N.D. Okla., Oct. 29, 2007) (unpublished).  Any attempt by this Court to guess at the potential amount of punitive damages would amount to improper speculation.  *See Tafoya*, 2009 WL 211661, at *2.  Thus, the Court concludes that Defendant's Notice of Removal does not establish the requisite jurisdictional amount by a preponderance of the evidence.

Accordingly, this action is REMANDED to the District Court, Arapahoe County, Colorado, for further proceedings.

DATED:  March   31  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge